PS 8
(3/15)

# UNITED STATES DISTRICT COURT

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Jul 14, 2026
SEAN F. McAVOY, CLERK

for

Eastern District of Washington

ECF No 58

U.S.A. vs. Tovar, Jerry Docket No. 0980 2:22CR00077-TOR-1

**Petition for Action on Conditions of Pre-revocation Hearing Release**

COMES NOW, Arturo Santana, PROBATION PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant, Jerry Tovar, who was placed under pre-revocation hearing release supervision by the Honorable U.S. Magistrate Judge James A. Goeke, sitting in the court at Spokane, Washington, on the 9th day of June 2025, under the following special conditions of pre-revocation release:

**Additional Condition #1, referencing supervised release Special Condition #3**: You must not enter or remain in any establishment where alcohol is the primary item of sale. You must abstain from all alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Additional Condition #2c**: Defendant shall not use or possess any alcoholic beverage.

**Additional Condition #2d**: Defendant shall participate in a program of Global Positioning System (GPS) location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the U.S. Probation/Pretrial Services Office. In the event Defendant does not respond to location monitoring or cannot be found, the U.S. Probation/Pretrial Services Office shall forthwith notify the U.S. Marshals Service, who shall immediately find, arrest, and detain defendant.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On June 9, 2025, Mr. Tovar reviewed and signed his release conditions and Location Monitoring Program GPS Participant Agreement, acknowledging an understanding.

**Violation #1**: Mr. Tovar is considered in violation of his pre-revocation hearing release conditions by consuming alcohol on or about June 15, 2026.

On June 15, 2026, Mr. Tovar was instructed to report to the probation office to submit to random urinalysis (UA) testing. Mr. Tovar reported to the probation office and submitted a urine sample. The instant test results were positive for ETG (Ethyl Glucuronide) indicating the presence of alcohol. This specimen was sent to Alere Toxicology Laboratory (Alere) for confirmation testing. Mr. Tovar denied consuming any alcoholic beverages. On June 23, 2026, Alere reported that the specimen was positive for ETG.

**Violation #2**: Mr. Tovar is considered in violation of his pre-revocation hearing release conditions by failing to provide a valid urine sample for testing on or about July 2, 2026.

On July 2, 2026, Mr. Tovar was instructed to report to the probation office to submit to random UA testing. Mr. Tovar reported to the probation office and submitted a urine sample. The urine specimen appeared diluted. The specimen was sent to Alere for testing. On July 11, 2026, Alere reported that the specimen was diluted.

**Violation #3**: Mr. Tovar is considered in violation of his pre-revocation hearing release conditions by failing to comply with the program of Global Positioning System (GPS) location monitoring.

On June 9, 2025, Mr. Tovar reviewed and signed the LMP GPS Participant Agreement in which he agreed to comply with all program rules set forth in this agreement and with his supervising officer's instructions to include to not submerging his GPS device under water.

On July 12, 2026 at approximately 7:23 p.m., an on-call U.S. Probation Officer received an alert from BI Total Access (BI) advising there was a GPS proximity strap tamper on Mr. Tovar's GPS device, indicating the GPS unit may have been tampered with and/or removed at 2:50 p.m. It should be noted Mr. Tovar's GPS device went into Tracker Missed Call Back and could not communicate with servers due to several possible factors to include environmental or intentional signal jamming by the defendant.

At approximately 7:36 p.m., this officer was notified about the proximity tamper as the on-call officer could not make contact with Mr. Tovar. A review of the GPS mapping showed Mr. Tovar entered the Yakima River at approximately 1:55 p.m. Mr. Tovar traveled down the river until approximately 8 p.m. This officer made multiple attempts to contact Mr. Tovar with no success.

At approximately 9:30 p.m., Mr. Tovar contacted this officer. Mr. Tovar was asked what happened to his GPS device as we received a tamper. Mr. Tovar denied tampering with his device. This officer asked Mr. Tovar if he had submerged his device under water. Mr. Tovar stated he stepped in the river bank and submerged his device under water.

PRAYING THAT THE COURT WILL ORDER A WARRANT

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: July 13, 2026

by s/Arturo Santana

Arturo Santana
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

July 14, 2026

Date